UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DR. TIEMOKO COULIBALY
and DR. FATOU GAYE-COULIBALY,

   Plaintiffs,

v.

JUDGE DEBORAH CHASANOW
and JUDGE CHARLES B. DAY,

   Defendants.

Civil Action No. TDC-15-0425

**MEMORANDUM OPINION**

On February 11, 2015, self-represented Plaintiffs Dr. Tiemoko Coulibaly and Dr. Fatou Gaye-Coulibaly (collectively, "Plaintiffs") filed a document entitled "Plaintiffs' Second Federal Tort Claim Act (FTCA, Attached) Against Federal Judges Deborah Chasanow, Charles B. Day and Other Witnesses." ECF No. 1. A careful reading of the document indicates that Plaintiffs may have intended the document not as a Complaint, but as a motion in their prior case, *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517 (D. Md. closed Sept. 7, 2012). *See* Compl. at 2, 5. However, that case was closed on September 7, 2012, and Plaintiffs appear to be attempting to bring claims against the judges who presided over that action. Therefore, Plaintiffs' document has been filed as a new Complaint in the present case, and the Court will construe the Complaint as bringing claims under the Federal Tort Claim Act ("FTCA").[1] However, for the reasons stated below, the Complaint must be DISMISSED.

---

[1] The document was not accompanied by the civil filing fee or a Motion to Proceed In Forma Pauperis. However, because the Court is dismissing the Complaint, Plaintiffs shall not be required to cure these deficiencies.

## BACKGROUND

In order to analyze this self-represented action, the Court conducts an overview of Plaintiffs' litigation history in this Court.[2] On December 16, 2010, Plaintiffs, residents of Silver Spring, Maryland, filed a complaint in this Court related to the purchase and financing of their Silver Spring property against multiple defendants. *See* Compl., *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517 (D. Md. Dec. 16, 2010), ECF No. 1. On August 8, 2011, Judge Deborah K. Chasanow issued a memorandum opinion and accompanying order that permitted some claims to proceed against defendant J.P. Morgan Chase Bank, N.A. ("Chase"), but dismissed the remaining defendants from the case and denied Plaintiffs' motion for sanctions and motion to add additional defendants. *See Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994 (D. Md. Aug. 8, 2011). In subsequent orders, Judge Chasanow issued a discovery and motions schedule, denied Plaintiffs' motion for recusal, and denied their motions for reconsideration. *See* Orders, *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517 (D. Md. Aug. 23, 2011–Dec. 28, 2011), ECF Nos. 57, 59-60, 62, 64.

On March 29, 2012, Magistrate Judge Charles B. Day, to whom the case had been referred for discovery, held a discovery hearing, during which he denied Plaintiffs' Motion for Extension of Time to conduct additional discovery. *See* Status Conference / Motion Hearing re: ECF No. 85, *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517 (D. Md. Mar. 29, 2012), ECF No. 87. On September 7, 2012, Judge Chasanow issued a memorandum opinion and accompanying order, which granted Chase's Motion for Summary Judgment and closed the case. *See Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2012 WL 3985285 (D. Md. Sept. 7, 2012). On May 1, 2013, the United States Court of Appeal for the Fourth Circuit affirmed the decisions. *See Coulibaly v. J P Morgan Chase Bank, N.A.*, 526 F. App'x 255 (4th

---

[2] Federal Rule of Evidence 201 permits a court to take judicial notice, on its own and at any stage of the proceeding, of a fact that is not subject to reasonable dispute because it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)-(d).

Cir. May 1, 2013). After the Fourth Circuit issued its opinion, Plaintiffs filed various additional motions, including a motion to vacate, see *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517 (D. Md. Sept. 5, 2013), ECF No. 108, a motion to stay the finality of the judgment, see *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517 (D. Md. Oct. 17, 2013), ECF No. 111, and a motion to alter judgment, see *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517 (D. Md. Mar. 24, 2014), ECF No. 117, all of which Judge Chasanow denied. Plaintiffs then appealed those orders as well. *See* Notice of Appeal, *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517 (D. Md. Apr. 14, 2014), ECF No. 119; Second Notice of Appeal, *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517 (D. Md. June 23, 2014), ECF No. 126.

On October 20, 2014, the Fourth Circuit affirmed those post-judgment opinions. *See Coulibaly v. J.P Morgan Chase Bank, N.A.*, 584 F. App'x 178 (4th Cir. Oct. 20, 2014). On January 26, 2015, Plaintiffs then sought to transfer venue of the closed case to the United States District Court for the District of Columbia based upon claims of alleged judicial retaliation. *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517 (D. Md. Jan. 26, 2015), ECF No. 132. The Motion to Transfer was denied on January 29, 2015. *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517 (D. Md. Jan. 29, 2015), ECF No. 133.

On February 12, 2015, Plaintiffs submitted the present Complaint, in which they appear to take issue with the previous judicial decisions issued by Judge Chasanow and Magistrate Judge Day (collectively, the "judges" or "Defendants") in their previous case. Plaintiffs claim that Defendants' determinations were entered in reprisal and constitute discriminatory, negligent, and unconstitutional acts. Compl. at 1-3.

## DISCUSSION

A federal court must screen complaints from prisoners proceeding *in forma pauperis* and dismiss any complaint that is frivolous, malicious, fails to state a claim, or seeks monetary relief

from an immune defendant. 28 U.S.C. § 1915(e)(2) (2012). Here, because Plaintiffs are proceeding *pro se* and without having paid a civil filing fee, the Court also conducts its own screening of this Complaint. *Newsome v. EEOC*, 301 F.3d 227, 3231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But this does not relieve a *pro se* plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, Plaintiffs claim they are entitled to $100,000,000.00 in damages on account of alleged tortious conduct on the part of Judge Chasanow and Magistrate Judge Day. Compl. at 4-5. The Court generously construes the document as an FTCA Complaint in which Plaintiffs are challenging the District Court's decisions in their prior federal case. However, Defendants are entitled to absolute immunity for their judicial acts. It is firmly established that judges, in exercising the authority vested in them, are absolutely immune from civil lawsuits for money damages. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). This judicial immunity extends to judicial action taken in error, done maliciously, or in excess of authority. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). This rule allows judges to perform their functions without harassment or intimidation, and is a benefit to the public at large "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citation omitted).

Because a judge is entitled to absolute immunity, a plaintiff alleging a claim for money damages overcomes immunity only by a showing that (1) the judge's actions were taken outside of her or his judicial capacity or (2) the judge acted in the complete absence of jurisdiction. *See*

*King v. Myers*, 973 F.2d 354, 356-57 (4th Cir. 1992). Here, Plaintiffs' allegations are devoid of any suggestion that the individual judges acted outside their duties as judicial officers or in the complete absence of jurisdiction when they presided over Plaintiffs' prior federal action. Plaintiffs' disagree with the content of Judge Chasanow and Judge Day's decisions, which were made in their judicial capacity. Plaintiffs' claim that the decisions were biased and retaliatory, but do not include any allegations from which it can be inferred that the judges acted in clear absence of their jurisdiction. Plaintiffs' lawsuit is therefore exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. Accordingly, Plaintiffs' FTCA claims against Judge Chasanow and Magistrate Judge Day must be dismissed.

Furthermore, to the extent that Plaintiffs' Complaint implicates the United States as a Defendant, it is immune, as well. The FTCA provides, in relevant part:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim . . . .

28 U.S.C. § 2674 (2012). Thus, where a federal judicial officer's actions form the basis for the FTCA claim, the United States may assert judicial immunity if the individual judicial officer would be immune from suit. *See Tinsley v. Widener*, 150 F. Supp. 2d 7, 12 (D.D.C. 2001) (explaining that the United States possesses whatever immunity is available to the judicial officer whose act is the basis of the suit). As discussed above, the Complaint leaves no doubt that the individual judges are entitled to judicial immunity. Thus, the United States is immune as well. *See id.*; *see also Bush v. Blake*, No. JFM–11–1410, 2011 WL 2311835, at *2 (D. Md. June 9, 2011) (explaining that even if the United States had been a properly named defendant in the complaint, it would be immune from suit because plaintiff's FTCA claims were against several federal district judges who were entitled to absolute judicial immunity). Accordingly, because

judicial immunity precludes Plaintiffs' claims for recovery, *sua sponte* dismissal of the Complaint is appropriate.

## CONCLUSION

For the foregoing reasons, the Complaint is DISMISSED. A separate Order follows.

Date: February 27, 2015

THEODORE D. CHUANG
United States District Judge